Argued and submitted July 10, 2006, affirmed January 3, 2007

KEVIN FREDRICK ASMAN,
*Appellant,*

*v.*

STATE OF OREGON,
*Respondent.*

03C-11606; A126623

150 P3d 1101

Andy Simrin argued the cause and filed the briefs for appellant.

Carolyn Alexander, Assistant Attorney General, argued the cause for respondent. With her on the briefs were Hardy Myers, Attorney General, and Mary H. Williams, Solicitor General.

Before Edmonds, Presiding Judge, and Wollheim, Judge, and Cramer, Judge pro tempore.

EDMONDS, P. J.

**EDMONDS, P. J.**

Petitioner appeals after the trial court granted defendant's motion for summary judgment in this post-conviction relief proceeding under ORS 138.510 to 138.680. On appeal, petitioner makes only one assignment of error—he contends that the post-conviction court erred when it denied his motion for summary judgment under ORCP 47. The threshold issue before us is whether petitioner's assignment of error is reviewable. We conclude that it is not and therefore affirm.

The following facts frame the above issue. Petitioner was convicted of harassment in the underlying case. ORS 166.065(1)(a)(A). Subsequently, he sought post-conviction relief in this case, alleging that his trial counsel failed to adequately represent him in the underlying case and that his trial counsel failed to request proper jury instructions. After filing the petition in this case, petitioner moved for summary judgment under ORCP 47, contending that there were no genuine issues of material fact and that he was entitled to prevail as a matter of law.[1] In response to his motion, the trial court issued a letter opinion in which it denied petitioner's motion and stated, in part:

> "It seems that a final judgment should be entered, as it is clear there are no factual issues or other matters that could be considered in this case. However, since defendant did not move for summary judgment the court cannot enter a final judgment. The staff will contact [counsel] to set another status."

Defendant thereafter moved for summary judgment, relying on the same summary judgment record made by petitioner. Petitioner did not submit any additional evidence to contravene defendant's motion. The trial court thereafter entered a general judgment that provided, in part:

---

[1] A petition brought pursuant to the provisions of the Post-Conviction Relief Act is civil in nature. *Elkins v. Thompson*, 174 Or App 307, 314, 25 P3d 376, *rev den*, 332 Or 558 (2001). The Oregon Rules of Civil Procedure govern all civil actions, including those of statutory origin, except where a different procedure is specified by statute or rule. ORCP 1 A.

"1. There are no issues of fact related to the legal issues concerning whether [counsel's] representation of [petitioner] was constitutionally infirm;

"2. The factual disputes concerning what transpired in the underlying altercation does not affect the legal issues presented in this post-conviction case;

"* * * * *

"5. The additional instructions of UCJI 1038 and 1800(19), Theft and Owner, would not have made a difference in the result; and

"6. This Court's Opinion Letter * * * is hereby incorporated herein."

The judgment denied post-conviction relief, thereby implicitly granting defendant's motion. Petitioner appeals from that judgment, assigning error only to the denial of his motion for summary judgment.

■■ We must initially consider whether we will review petitioner's sole claim of error. The concept of "reviewability" is to be distinguished from the concept of "appealable judgments," which is governed by ORS 19.205. Thus, the denial of a motion for summary judgment is not appealable before there is a final judgment because the movant will have the opportunity to prevail at trial. *Hoy v. Jackson*, 26 Or App 895, 898, 554 P2d 561, *rev den*, 276 Or 735 (1976). In this case, however, there is an appealable judgment: the judgment dismissing petitioner's petition for post-conviction relief based on the trial court's grant of defendant's motion for summary judgment. However, whether petitioner's assignment of error based on the denial of his motion for summary judgment should be reviewed on appeal remains an issue.

The analysis of that issue is additionally influenced by the fact that both parties in this proceeding filed motions for summary judgment. Under certain circumstances, an appellate court may review an order denying summary judgment following the entry of a final judgment. *To v. State Farm Mutual Ins.*, 319 Or 93, 873 P2d 1072 (1994); *Payless Drug Stores v. Brown*, 300 Or 243, 248, 708 P2d 1143 (1985). One of those circumstances is where there are cross-motions for summary judgment. *Martin v. City of Tigard*, 335 Or 444,

449, 72 P3d 619 (2003). If both the granting of one motion and the denial of the other motion are assigned as error, then both rulings are subject to review. *Eden Gate, Inc. v. D&L Excavating & Trucking, Inc.*, 178 Or App 610, 622, 37 P3d 233 (2002). Similarly, if a plaintiff assigns error to the trial court's allowance of the defendant's cross-motion for summary judgment but not to the denial of the plaintiff's own motion for summary judgment, we will review the grant of the defendant's cross-motion. *Nixon v. Cascade Health Services, Inc.*, 205 Or App 232, 237, 134 P3d 1027 (2006).

■       The rationale for the above rules finds its genesis in ORCP 47. In *Mt. Fir Lumber Co. v. Temple Dist. Co.*, 70 Or App 192, 198, 688 P2d 1378 (1984), we observed:

> "The purpose of summary judgment is to eliminate unnecessary trials when no question of material fact exists and when the moving party is entitled to judgment as a matter of law. *See Garrison v. Cook*, 280 Or 205, 209-10, 570 P2d 646 (1977). It is *not* the purpose of the summary judgment proceeding to provide an unsuccessful movant with an alternative to a plenary trial, or with an alternative record on which to rely on appeal. After a motion for summary judgment has been denied, rightly or wrongly, a trial *is* necessary and no systematic benefit would be gained by allowing a party to rest on his denied motion rather than requiring that it participate and make its legal and factual case in that trial."

(Emphasis in original.) The exceptions to the rule that the denial of a summary judgment motion is not reviewable demonstrate our point. One exception is where the denied motion rests purely on a legal contention that does not require the establishment of any predicate legal facts, such as a facial challenge to the constitutionality of a statute. *Freeman v. Stuart*, 203 Or App 191, 194, 125 P3d 786 (2005). Another exception is the one mentioned above, *viz.*, where cross-motions for summary judgment are made and the grant of summary judgment is assigned as error. In both instances, the policy of ORCP 47 to eliminate unnecessary trials is furthered.

That policy would not be furthered in this case by reviewing the denial of petitioner's motion for summary judgment. The legal import of the trial court's ruling denying petitioner's motion was that it enabled petitioner to proceed to a

plenary trial and to make his legal and factual case in that proceeding. Indeed, the judgment from which petitioner appeals was not the result of the denial of his summary judgment motion. For the above reasons, we conclude that we will not review petitioner's claim of error.

■ Nonetheless, petitioner argues in a supplemental brief that his assignment of error "necessarily implied" his contention that the trial court erred by granting defendant's motion for summary judgment. He explains,

"Petitioner expressly indicated that a decision in his favor on his assignment of error would render moot a grant of summary judgment in defendant's favor. Under the circumstances, this court should exercise its discretion under ORAP 1.20(5) to waive the formal requirement of separately assigning error to the granting of defendant's cross-motion for summary judgment."

ORAP 1.20(5) provides that "[f]or good cause, the court on its own motion or on the motion of any party may waive any rule." ORAP 5.45(2) provides, in part, that "[e]ach assignment of error shall be separately stated under a numbered heading." ORAP 5.45(3) provides that "[e]ach assignment of error shall identify precisely the legal, procedural, factual or other ruling that is being challenged." As we understand petitioner's argument, his assignment of error implicitly includes a claim of error based on the trial court's grant of summary judgment and, by giving him the benefit of such an inference, we should waive the provisions of ORAP 5.45(2). However, even if we were to exercise our discretion under ORAP 1.20(5), petitioner has another hurdle to overcome: he did not respond to defendant's motion for summary judgment in the trial court. On appeal, he asserts that to have opposed defendant's motion would have been futile based on the court's letter to the parties indicating that on the record before it, summary judgment for defendant was proper. However, had petitioner responded to defendant's motion in a persuasive manner, the trial court may have reconsidered what it said to the parties in its letter to them. Under the circumstances, we are unpersuaded that we should exercise our discretion under ORAP 1.20(5).

Finally, we reiterate what we said in *Mountain Fir*: It is not the purpose of the summary judgment procedure to provide an unsuccessful movant with an alternative record for purposes of appeal. For all of the above reasons, we decline to insert into petitioner's assignment of error a claim that the trial court erred in granting summary judgment to defendant. In the absence of any other assignment of error, we affirm the judgment for defendant.

Affirmed.