Argued and submitted January 9, affirmed March 26, petition for review denied October 23, 2014 (356 Or 400)

FRONTGATE PROPERTIES, LLC,
an Oregon limited liability company,
*Plaintiff-Respondent,*

*v.*

James L. BENNETT
and James L. Bennett, Trustee of
the Bennett Family Trust uad March 2, 1998,
*Defendants-Appellants,*

*and*

WOOD RIVER FARMS, INC.,
an Oregon corporation,
and Gregory A. Walkup,
*Defendants.*

Jackson County Circuit Court
074633L2; A143401

324 P3d 483

Clayton C. Patrick argued the cause and filed the briefs for appellants.

Kimberly S. T. Bolen argued the cause for respondent. With her on the brief was William H. Fowler.

Before Wollheim, Presiding Judge, and Lagesen, Judge, and Schuman, Senior Judge.

LAGESEN, J.

**LAGESEN, J.**

The issue in this appeal is whether the trial court correctly concluded that the doctrine of merger did not bar plaintiff's request for specific performance of an agreement by defendants Gregory A. Walkup and James L. Bennett[1] to convey specified parcels of real property. Reviewing the trial court's factual findings to determine whether there is any evidence in the record to support them, and its ruling regarding the applicability of the doctrine of merger for legal error, we affirm.[2] *See Dept. of Human Services v. N. P.*, 257 Or App 633, 637-40, 307 P3d 444 (2013) (stating our standard of review when we decline to exercise our discretion to review *de novo* in an equitable case).

Defendants entered into a land-sale contract under which they agreed to transfer several contiguous parcels of land in Weed, California—including the parcels known as parcels 8 and 9—to Reginald Breeze in exchange for a purchase price of $1.3 million. Breeze assigned his interest under the contract to plaintiff Frontgate Properties, LLC, and plaintiff tendered the $1.3 million purchase price to defendants. Defendants, in turn, executed a grant deed to plaintiff, but did not include parcels 8 and 9 in that deed. Almost six years later, plaintiff discovered the omission and sued defendants for specific performance of their agreement to convey parcels 8 and 9. Following a bench trial, the trial court found that the parties' bargain included parcels 8 and

---

[1] Bennett entered into the agreement in his capacity as trustee of the Bennett Family Trust; he is a party to this case both in his capacity as a trustee and as an individual. On Walkup's motion, we previously dismissed the appeal as to him. As a result, Bennett is the only remaining appellant on this appeal. References to "defendants" refer to Walkup and to Bennett, as trustee and individual. For clarity, we refer to Bennett by name when describing the arguments and positions attributable to him as the remaining appellant on appeal.

[2] To the extent that Bennett requests *de novo* review, we reject that request. This is not an exceptional case, and the trial court's explicit credibility findings based on live testimony weigh against *de novo* review. ORAP 5.40(8)(d)(i).

We note that Bennett assigns error to the trial court's denial of defendants' motion for summary judgment, as well as to the court's findings and conclusions following trial. As a general rule, the denial of a summary judgment motion is not reviewable on appeal. *Asman v. State of Oregon*, 210 Or App 369, 372-73, 150 P3d 1101 (2007). Although that rule has exceptions, *see id.*, none of those exceptions apply here. We therefore do not review the court's denial of defendants' motion for summary judgment.

9 and that the grant deed erroneously omitted parcels 8 and 9, either because of an error by the title company in preparing the deed or, possibly, misconduct by Walkup. Based on those factual findings, the court ordered defendants to convey parcels 8 and 9 to plaintiff, rejecting defendants' contention that the doctrine of merger barred plaintiff's request for specific performance.

The trial court's decision was correct. Under the doctrine of merger, "[a]ny inconsistencies between the terms of a contract of purchase of real estate and the terms of the deed are governed by the latter, into which the former are merged[.]" *Winn v. Taylor*, 98 Or 556, 576, 194 P 857 (1921). The doctrine does not apply "when[,] through fraud or relievable mistake[,] the grantee has been induced to accept something different from what the contract required[.]" *City of Bend v. Title & Trust Co.*, 134 Or 119, 129, 289 P 1044 (1930). Thus, for example, in *City of North Bend v. County of Coos*, 259 Or 147, 152, 485 P2d 1226 (1971), the Supreme Court held that when, because of a mutual mistake, a deed from a county to a city failed to include all of the property that the county had contractually agreed to convey, the doctrine of merger did not bar the city's suit to quiet title in the land that the county, because of the error in the deed, failed to convey.

Here, the trial court found that (a) the parties' land-sale contract included parcels 8 and 9; (b) the deed deviated from the land-sale contract because it left out parcels 8 and 9; (c) the discrepancy between the deed and the land-sale contract "was not because * * * plaintiff agreed to purchase something different" than what it agreed to purchase in the land-sale contract; and, thus, (d) the deed's failure to accurately reflect the parties' bargain necessarily resulted from a mistake by the title company in preparing the deed, if not from manipulative conduct by Walkup.[3] The court further found that, "[a]t some point, if not immediately after the sale, defendants Walkup and Bennett realized that the

---

[3] As between whether the error in the deed resulted from a mistake by the title company in preparing the deed or, instead, from manipulative conduct by Walkup, the trial court inferred that a mistake by the title company in preparing the deed was the "most likely" explanation, concluding that Walkup's involvement with someone at the title company "ha[d] not been proven."

error had been made and they operated in such a way as to take advantage of the error." Those factual findings are supported by the record.

In the light of those factual findings, the trial court correctly concluded that the doctrine of merger does not bar plaintiff's request for specific performance of defendants' agreement to convey parcels 8 and 9. The parties did not change the terms of their agreement as to what land was to be conveyed between the execution of the land-sale contract and the execution of the grant deed. Therefore, as the trial court inferred, the most benign explanation for the discrepancy between the land-sale contract and the deed is that the title company committed a scrivener's error in preparing the deed, and the parties mutually failed to notice that error. That is a species of mutual mistake. *See, e.g., Kontz v. B.P. John Furniture Corp.*, 167 Or 187, 193, 205-06, 115 P2d 319 (1941) (describing scrivener's error in contract as a type of "mutual error"). The only alternative explanation consistent with the trial court's findings is that the discrepancy resulted from fraudulent conduct—either from Walkup's misconduct, or from defendants' failure to alert plaintiff that the deed did not conform to the parties' bargain, as they were obliged to do if they were aware of the discrepancy— although we reiterate that the trial court found that mistake was more likely than fraud.[4] In all events, under either scenario, the doctrine of merger does not apply. *City of Bend*, 134 Or at 129. For that reason, we affirm the judgment of the trial court.[5]

Affirmed.

---

[4] Had defendants been aware of the scrivener's error at the time that they conveyed the deed, they would have been obliged to bring it to plaintiff's attention, and their failure to do so would constitute a form of misrepresentation. *See Pioneer Resources, LLC v. D. R. Johnson Lumber Co.*, 187 Or App 341, 375-76, 68 P3d 233, *rev den*, 336 Or 16 (2003) (discussing principle).

[5] Bennett protectively assigns error to the trial court's attorney-fee award, but argues only that the fee award should be reversed if we reverse the trial court's judgment. Because we affirm the trial court's judgment, we do not disturb the fee award.