Argued and submitted May 19, 2015, affirmed March 2, 2016

Brenda HARVEY,
*Plaintiff-Respondent,*

*v.*

Jack DAVIS
and all other occupants,
*Defendant-Appellant.*

Multnomah County Circuit Court
130011857E, 130011858E, 130011859E;
A156266 (Control), A156267, A156268

371 P3d 1208

William M. Parker argued the cause and filed the briefs for appellant.

Mark G. Passannante argued the cause and filed the brief for respondent.

Before Duncan, Presiding Judge, and Lagesen, Judge, and Flynn, Judge.

FLYNN, J.

**FLYNN, J.**

Defendant appeals judgments of restitution that awarded plaintiff possession of three commercial premises based on defendant's forfeiture of those properties under a land sale contract. Defendant raises two assignments of error. First, defendant argues that the trial court erroneously concluded that plaintiff gave defendant sufficient notice of default for purposes of forfeiture under ORS 93.905 to 93.940 and the land sale contract. Second, defendant argues that the trial court erred in ruling that forfeiture was even an available remedy under the land sale contract. We conclude that the trial court did not err in either respect, because (1) on this record, the notice of default is conclusively presumed to be adequate; and (2) the land sale contract unambiguously included a forfeiture remedy within the meaning of ORS 93.905 to 93.940.

## BACKGROUND

We state the background facts in the light most favorable to plaintiff, who prevailed at trial.[1] *See, e.g., Htaike v. Sein*, 269 Or App 284, 286, 344 P3d 527, *rev den,* 357 Or 595 (2015). In 2004, plaintiff's predecessors in interest, the Rusches, entered into a land sale contract with defendant whereby the Rusches agreed to sell to defendant real property located on NE 42nd Avenue in Portland, Oregon, including the three premises at issue in this case: 5224 NE 42nd Avenue, 5230 NE 42nd Avenue, and 5240 NE 42nd Avenue. The land sale contract included a provision governing the seller's remedies in the event of default, which is central to this appeal:

> "**14.2 Remedies of Default.** In the event of a default, Seller may take [one] or more of the following steps:

---

[1] Although defendant submits that our review of the forfeiture remedy is *de novo* under ORS 19.415(3), he does not explain why we should exercise our discretion to review *de novo* in this case. *See* ORAP 5.40(8)(b) ("In those proceedings in which the Court of Appeals has discretion to make one or more factual findings anew on the record and the appellant seeks to have the court exercise that discretion, the appellant shall identify with particularity the factual findings that the appellant seeks to have the court find anew on the record and shall concisely state the reasons why the court should do so."). Moreover, this is not an exceptional case, and we decline to review *de novo*. *See Frontgate Properties, LLC v. Bennett*, 261 Or App 810, 812 n 2, 324 P3d 483, *rev den,* 356 Or 400 (2014).

"*****

"(6) After complying with the notice requirements and affording Purchaser the right to cure the default contained in ORS 93.905-93.940 as the same may be amended or superseded from time to time, as long as the same is applicable, Seller may declare this Contract forfeited and retain the amount of payments previously made under this Contract. On recordation of the affidavit required by Oregon law, this Contract shall be extinguished and canceled, and Purchaser shall have no further right, title, or interest in and to the real property or to any return or compensation for payments previously made under this Contract, as though this Contract and such payments had never been made. In that event, Purchaser agrees to surrender the Property to Seller. If Purchaser fails to do so, Seller may elect to treat Purchaser as a tenant holding over unlawfully after the expiration of a lease, and Purchaser may be ousted and removed as such, without affecting Seller's right to pursue other rights and remedies contained in this Contract or permitted by law."

The statutes cross-referenced in section 14.2(6), ORS 93.905 to 93.940, concern forfeiture under land sale contracts. Among them, ORS 93.915 concerns the requisite notice that must be given to a purchaser. It provides, among other things, that a seller who wishes to enforce a "forfeiture remedy" must provide 60 days' notice to a purchaser if the unpaid balance is "an amount greater than 75 percent of the purchase price." ORS 93.915(3)(a). For purposes of calculating that period, the statute provides that "[n]otices served by mail are effective when mailed." ORS 93.915(2).

Defendant ultimately defaulted under the terms of the land sale contract, at a time when he still owed more than 75 percent of the balance of the purchase price. On April 22, 2013, plaintiff mailed defendant a letter titled "Notice of Default Pursuant to ORS 93.915." The letter demanded that defendant cure the default and then concluded with the following paragraph:

"This letter shall constitute notice of default pursuant to ORS 93.915. Should you fail to cure the defaults outlined above, you will forfeit your interest in the Contract of Sale and the Properties on June 24, 2013. Pursuant to ORS

93.915(4), a copy of this notice will be recorded in the real property records of Multnomah County."

Defendant did not cure the default by June 24, 2013. The following day, plaintiff's attorney recorded a declaration of forfeiture, which stated that "[t]he default of the purchaser [defendant] under the terms of the Contract of Sale was not cured within the time period provided in ORS 93.915 and set forth in the Notice of Default" and that, "[a]ccordingly, the Contract of Sale is hereby forfeited by [defendant], and he shall have no further right to or interest in the above-referenced real property."

After the declaration was recorded, plaintiff filed three forcible entry and detainer (FED) complaints, each of which sought possession of one of the premises along NE 42nd Avenue that were included in the land sale contract. In his answers, defendant denied that plaintiff was entitled to possession, and the actions were consolidated for trial.

At trial, defendant raised various challenges to the validity of the underlying forfeiture, including that the contract did not include a "forfeiture remedy," as that term is defined in the statutes governing forfeiture of land sale contracts. Defendant also argued that plaintiff provided insufficient notice of default, because, although plaintiff mailed the notice 60 days before the forfeiture date, as ORS 93.915 requires, plaintiff did not account for a provision of the contract that makes all notices delivered by mail effective three days after mailing.

Plaintiff, meanwhile, argued that the agreement plainly contemplated the remedy of forfeiture. As for the notice issue, plaintiff argued—among other contentions—that defendant had waived any challenge when he failed to notify plaintiff that he needed additional time to cure the default. Plaintiff relied on ORS 93.915(5), which provides that the statement contained in the notice as to the time of forfeiture "shall conclusively be presumed to be correct, and the notice adequate," unless a recipient mails a notice to the seller or seller's attorney informing the seller that the recipient "claims the right to a longer period of time in which to cure the default."

The trial court ultimately ruled in plaintiff's favor, explaining that it had agreed with all of the arguments she advanced. The court then entered a judgment awarding restitution of the premises to plaintiff, which defendant now appeals.

## DISCUSSION

### A. *Adequacy of the Notice of Default*

In his first assignment of error, defendant reasserts the argument that plaintiff's notice of default was inadequate because it incorrectly stated that defendant would forfeit his interest on June 24, 2013, failing to account for the additional three days that the contract provided for notice delivered by mail. Implicit in that argument is defendant's assumption that the adequacy of notice is subject to challenge in this case.

Plaintiff, however, challenges that assumption, as she did in the trial court, based on ORS 93.915(5).[2] That statute provides, in full:

"The statement contained in the notice as to the time after which the contract will be forfeited if the default is not cured *shall conclusively be presumed to be correct, and the notice adequate*, unless one or more recipients of such notice notifies the seller or the attorney for the seller, by registered or certified mail, that such recipient claims the right to a longer period of time in which to cure the default."

(Emphasis added.) Plaintiff submits that there is no evidence in the record that defendant or anyone else ever notified plaintiff or her attorney, "by registered or certified mail, that such recipient claims the right to a longer period of time in which to cure the default." Hence, plaintiff argues, the statement contained in the notice of default is conclusively presumed to be correct in this case, barring defendant's challenge to the adequacy of the notice.

_____

[2] Defendant argues in his reply brief that "ORS 93.915(5) was not raised as an issue by [plaintiff] at trial." That is incorrect. In her trial memorandum, plaintiff argued, "Lastly, even if the court agrees that the notice period is short, defendant did not provide notice to plaintiff or plaintiff's attorney by certified mail that he was entitled to a longer period. The failure to do so is fatal and the notice period provided in the notice of default is conclusive. ORS 93.915(5)." Plaintiff then further developed that contention during closing arguments.

Defendant, for his part, does not deny that the record is silent regarding whether defendant or anyone else mailed to plaintiff or plaintiff's attorney a notice claiming the right to a longer period of time in which to cure the default. Defendant disagrees, however, regarding the significance of a silent record on that point. We understand defendant to argue that plaintiff, as the party "seeking application of this conclusive presumption," was required to introduce evidence that, "[defendant], or [defendant's] attorney failed to claim the right to a longer period of time in which to cure the default" and that, without that evidence, "no presumption, conclusive or rebuttable, can arise." In other words, in defendant's view, the statute required plaintiff to prove that defendant or another recipient did *not* provide the notice referred to in ORS 93.915(5).

We are not persuaded that the statute imposes the burden of production on plaintiff that defendant posits. In construing ORS 93.915(5), we look to the text of the statute in its context, along with any legislative history that we find helpful. *See, e.g., Lindell v. Kalugin*, 353 Or 338, 349, 297 P3d 1266 (2013) (applying ordinary principles of statutory construction to determine allocation of the burden of persuasion under ORCP 44 A). The text of ORS 93.915(5) is phrased in a way that attaches conclusive effect to the forfeiture date stated in the notice of default *unless* the recipient of the notice has taken certain specified actions. That is, the statute sets out a general rule that the statement in the notice is conclusively presumed to be correct, and the "unless" clause functions as the exception to that general rule.

By providing that the presumption applies "unless" a recipient provides notification, by registered or certified mail, of a right to additional time to cure the default, ORS 93.915(5) unambiguously places the onus of avoiding the conclusive presumption on the recipients of the notice. We conclude that the onus of producing evidence of action taken to avoid the presumption also falls on the party charged with acting to avoid the presumption. Defendant has not directed us to anything in the text, context, or history of the statute that would plausibly suggest otherwise. Indeed, we emphasize that ORS 93.915(5) provides that the presumption

affirmatively applies "unless" a recipient provides notification. Had the legislature intended defendant's construction, we would expect the statute to provide that the presumption applies "only if" a recipient has *not* provided notification. Thus, we reject defendant's suggestion that the legislature intended to require a seller to prove the absence of the exception before invoking the statutory presumption set forth in ORS 93.915(5).

On this record, in which it is undisputed that defendant received the notice and in which there is no evidence that "one or more recipients of such notice notifie[d] the seller or the attorney for the seller, by registered or certified mail, that such recipient claims the right to a longer period of time in which to cure the default," the forfeiture deadline is conclusively "presumed to be correct, and the notice adequate." ORS 93.915(5). We therefore affirm the trial court's ruling regarding the adequacy of the notice of default without reaching defendant's remaining contentions regarding the calculation of the notice period.

B. *The Provision for a "Forfeiture Remedy" in the Contract*

In his second assignment of error, defendant asserts that the trial court erred in ruling that the land sale contract included a "forfeiture remedy" within the meaning of the statutes governing forfeiture of a purchaser's interest in a land sale contract. The crux of defendant's argument is that ORS 93.905(2) defines a "forfeiture remedy" to mean "the nonjudicial remedy whereby the seller [among other things] *extinguishes the debt* * * *," whereas section 14.2(6) of the land sale contract refers to a remedy in which "this *Contract* shall be extinguished and canceled." (Emphases added.)

Defendant does not explain why that distinction matters in this case, and it is not apparent to us. Moreover, there is nothing ambiguous about the nature of the forfeiture remedy under section 14.2(6) of the parties' agreement. That provision states that, "[a]fter complying with the notice requirements and affording Purchaser the right to cure the default contained in ORS 93.905-93.940 * * *, Seller may declare this Contract forfeited and retain the amount of payments previously made under this Contract." It then

provides that, "[o]n recordation of the affidavit required by Oregon law, this Contract shall be extinguished and canceled ***."

The "recordation of the affidavit required by Oregon law," in the context of ORS 93.905 to 93.940, is an unambiguous reference to the recording requirement in ORS 93.930, which provides, in material part:

"(1)   When a contract for conveyance of real property has been forfeited in accordance with its terms after the seller has given notice to the purchaser as provided in ORS 93.915, the seller shall record an affidavit with the property description, a copy of the notice of default and proof of mailing attached, setting forth that the default of the purchaser under the terms of the contract was not cured within the time period provided in ORS 93.915 and that the contract has been forfeited. ***

"*****

"(3)   *After the declaration of forfeiture is recorded, the seller shall have no claim against the purchaser and the purchaser shall not be liable to the seller for any portion of the purchase price unpaid or for any other breach of the purchaser's obligations under the contract.*"

ORS 93.930 (emphasis added).

As emphasized above, the parties' contract specifically contemplates "recordation" of the affidavit as described in ORS 93.930, which—by operation of law—has the effect of extinguishing the purchaser's debt to the seller. Thus, contrary to defendant's contention, section 14.2(6), which references that recording requirement, provides a remedy for default that extinguishes the purchaser's debt as a matter of law. We therefore reject defendant's contention that the contract fails to provide a "forfeiture remedy."

Affirmed.