Argued and submitted June 28, 1995, vacated in part, remanded in part
May 15, 1996

# STATE OF OREGON,
*Respondent,*

*v.*

# SEAN BRADLEY JONES,
*Appellant.*

# (C93-043CR; CA A82752)

917 P2d 515

Louis R. Miles, Deputy Public Defender, argued the cause for appellant. With him on the briefs was Sally L. Avera, Public Defender.

Kaye E. Sunderland, Assistant Attorney General, argued the cause for respondent. With her on the brief were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General.

Before Riggs, Presiding Judge, and Edmonds and Armstrong, Judges.

EDMONDS, J.

**EDMONDS, J.**

Defendant appeals his conviction for being a felon in possession of a firearm. ORS 166.270. Defendant's first trial ended in a mistrial. He was convicted of the charge after a second trial over his objection that the second trial was barred by ORS 131.515 and by the former jeopardy provisions of the Oregon and United States Constitutions. We reverse.

A jury was impaneled and sworn at defendant's first trial. During defendant's cross-examination of the state's primary witness at that trial, the following colloquy occurred:

"[Defense counsel]:  You said that you have two convictions; you indicated one for trafficking in stolen property?

"A.  Yes.

"Q.  You mentioned that. And you also mentioned that four years ago you were convicted of theft?

"A.  Yes.

"Q.  That was actually three years ago, wasn't it? On May 24th 1990?

"A.  Yes. Three years ago.

"Q.  That was three years ago, not four years?

"A.  Three years.

"Q.  And you also bragged to [defendant] about how you have been to prison before, haven't you?

"[Prosecutor]:  Objection, your honor. That is completely irrelevant.

"[The court]:  Sustain the objection.

"[Prosecutor]:  Judge, I have a matter for the court.

"[The court]:  Okay.

"[Jury exits courtroom]

"[Prosecutor]:  I want to move for a mistrial. This is a completely inappropriate question to ask this witness. This is a key witness for the state. Whether or not he's been to prison or not is completely without relevance. And [defense

counsel] has to know that. What possible relevance does that have? Again, this is a key witness for the state. Whether he's been to prison or not is not relevant.

"[The court]: Miss Pfost [defense counsel].

"[Defense counsel]: Well, whether or not he's been to prison or not isn't the question. The question was that he had bragged to [defendant] about having gone to prison. And in that it is showing and leading up to how he is against [defendant]. So it's relevant to pull this out, to find out exactly - to flush out exactly what this witness's feelings are for [defendant].

"[Prosecutor]: That's pretty strained, judge. I don't even care to respond to that.

"[The court]: It was an inappropriate question. It was an unlawful question in that sense. It was a question that had within its terms a question of not only do we have a question about did or did you not brag, but within it is the compound question about prison. At any rate, it's completely inappropriate of any witness. He has already indicated what charges he was convicted of. And in that same line, we were talking about well, one of the offenses was four years — or three years ago and not four years ago. And that's certainly proper and good cross examination. Since the inference was this was a long time ago and, so now you have shown it wasn't so long ago. And he was trying to maybe fudge a little. That's the inference on it, to make it seem better than it was. So that's, you know, excellent cross examination. And then, in the same area of questioning, comes the question as to didn't you brag to the defendant about his being to prison or going to prison or something of that sort? With a clear indication to the jury that the crimes for which you were convicted, or at least one of the crimes for which you were convicted, landed you in prison somehow. And it is clearly inappropriate. And I will grant the request for the mistrial."

Before defendant's second trial, he moved to dismiss the charges, arguing that retrial was barred by former jeopardy principles under ORS 131.515(1), Article I, section 12, of the Oregon Constitution and the Fifth Amendment to the United States Constitution. The state responded that the question that prompted the mistrial was so prejudicial that it required a mistrial. Furthermore, it contended that because

of defendant's lack of response to its motion for a mistrial, the court should conclude that defendant either implicitly consented to the mistrial or waived any objection to it. To this argument, defendant countered that his argument regarding the question's relevance was clearly in response to the motion for a mistrial, and, therefore, that he had objected to the mistrial. The trial court concluded that defendant had neither expressly nor implicitly consented to the mistrial, ruling:

> "Defense counsel argued that the underlying ruling by the court on the State's objection was not correct and was silent as to the motion. Considering those facts this court cannot find consent."

Nevertheless, the court denied defendant's motion, concluding that defendant's prejudicial conduct "made it impossible for the state to get a fair trial."

■  On appeal, defendant assigns error to the trial court's denial of his motion to dismiss the indictment on former jeopardy grounds. Before reaching defendant's constitutional arguments, we first consider his statutory argument. *State ex rel Turner v. Frankel*, 322 Or 363, 369, 908 P2d 293 (1995). ORS 131.515(1) provides: "Except as provided in ORS 131.525 and 131.535 * * * [n]o person shall be prosecuted twice for the same offense." ORS 131.525(1) provides:

> "A previous prosection is not a bar to a subsequent prosecution when the previous prosecution was properly terminated under any of the following circumstances:
>
> "(a)  The defendant consents to the termination or waives, by motion, by an appeal upon judgment of conviction, or otherwise, the right to object to termination.
>
> "(b)  The trial court finds that a termination other than by judgment of acquittal, is necessary because:
>
> "* * * * *
>
> "(C)  Prejudicial conduct, in or outside the courtroom, makes it impossible to proceed with the trial without injustice to either the defendant or the state[.]"

■  We first consider whether defendant impliedly consented to the motion for mistrial or waived the right to object to it under ORS 131.525(1)(a). Defendant argues that the

trial court made a finding regarding consent that we may not overturn on appeal under *Ball v. Gladden*, 250 Or 485, 487, 443 P2d 621 (1968), because there is evidence to support it. We disagree. The ultimate issue of what conduct constitutes an implied consent or waiver under ORS 131.525(1)(a) is a question of statutory interpretation, and we are not bound by the trial court's ruling on that issue.

Thus, the issue before us is to determine how the statute applies to the circumstances of this case. In deciding that question, it is important to characterize defendant's response properly. It cannot be said that defendant was silent or acquiesced in the motion for mistrial. In response to the motion, defendant vigorously asserted to the trial court that its ruling on the objection was incorrect. Implicit in that assertion is that defendant wanted the court to change its ruling on the objection, thereby rendering the motion for a mistrial moot. We turn to the language of the statute then to ascertain the legal consequences of defendant's response.

■       Because the question is one of legislative intent, we start first with the text and context of the statute. *PGE v. Bureau of Labor and Industries*, 317 Or 606, 610-11, 859 P2d 1143 (1993). Under the statute, a defendant "waives" the right to claim former jeopardy "by motion, by an appeal upon judgment of conviction, or otherwise." Although the legislature has not encompassed in the statute all of the means by which waiver occurs, the two specified methods suggest that defendant waives the right by express affirmative action that is inconsistent with maintaining the right. On the other hand, the word "otherwise" must be given meaning in the context of the statute and suggests a much broader spectrum of conduct. Because the text and context of the statute do not clearly answer our inquiry, we turn to the statute's legislative history.

ORS 131.525(1)(a) was adopted in 1973 as part of the revision to the Oregon Criminal Procedure Code. Or Laws 1973, ch 836, § 28. The commentary to section 28 of the Proposed Oregon Criminal Procedure Code (Final Draft and Report 1972) explains that the statute "states that a defendant may waive the bar of previous prosection by consent or

voluntary action." The commentary also says that the language of the statute is derived from section 1.08(4) of the Model Penal Code. The original commentary to section 1.08(4) includes the following:

> "A difficult problem arises where the defendant merely fails to object or remains silent when informed that the trial is to be terminated. Inaction alone is generally held to be insufficient to establish waiver. This is especially true when the defendant is not represented by counsel. Since the question of consent or waiver must be decided under the facts of the particular case, further definition of those terms is not attempted in the draft." Model Penal Code § 1.08(4) commentary at 51 (Tentative Draft No. 5, 1956).

The commentary is instructive. It is apparent that the legislature intended that a "waiver" or implied consent be some kind of voluntary action intended to forego the right to make a claim of former jeopardy. The implication of defendant's response to the state's motion for a mistrial is the antithesis of that intention.[1] Defendant continued to maintain to the trial court that it had erred when it sustained the state's objection. If the court had agreed with defendant's stated position, the trial would have proceeded. We conclude that the trial court was correct when it ruled that ORS 131.525(1)(a) was inapplicable.

■ That brings us to whether the first trial was properly terminated due to "prejudicial conduct" that made it "impossible to proceed with the trial without injustice to * * * the state." ORS 131.525(1)(b)(C). The state argues that defendant's question about whether the witness bragged about being in prison was so unduly prejudicial to the state's case that nothing short of a mistrial would have sufficed to cure the prejudice suffered by the state. It says that the question suggested to the jury that the state's key witness had spent time in prison and had bragged about that fact to defendant. Because the state's case rested primarily on whether that witness should be believed, the state concludes that the trial court acted within its discretion in granting a mistrial.

---

[1] Because defendant was not "silent" regarding the state's motion, we do not decide whether silence or the failure to object could constitute a waiver under the statute.

Defendant counters that the question was proper, and that, even if it was improper, the witness never answered the question, so no prejudice occurred. He further argues that, even if the question was improper and prejudicial to the state, a less drastic remedy, such as an instruction to disregard the question, would have cured any prejudice.

Initially, we must discern our standard of review of the trial court's ruling denying defendant's claim of former jeopardy. The trial court was required to decide whether the judge who had granted the mistrial had abused his discretion in determining that defense counsel's question made it impossible for the trial to proceed without injustice to the state. *State v. Cole*, 286 Or 411, 420, 595 P2d 466, *cert den* 444 US 968, 100 S Ct 458, 62 L Ed 2d 381 (1979). We must make the same determination. An abuse of an exercise of discretion occurs when the discretion is exercised arbitrarily without reason or contrary to law. *State v. Gehrke-Young*, 134 Or App 256, 259 n 3, 894 P2d 1239, *rev den* 321 Or 340 (1995). In that light, we turn once again to what occurred at the first trial.

At the first trial, the court sustained the state's objection on the ground that defense counsel's question called for an answer that was not relevant. Defendant maintained that the fact that the witness had bragged to defendant about being in prison was relevant to show that the witness was biased against defendant. It is impossible to discern from the record how the answer to the question would have been evidence of bias. Moreover, defendant made no offer of proof as to what answer the witness would have given. We conclude that the court did not err when it sustained the objection.

The more difficult question is whether sufficient prejudice existed from the asking of the question so that a mistrial was necessary. The witness had previously admitted that he had been convicted of theft. The state promptly objected to the question and the witness did not answer it. Consequently, the jury never heard any inadmissible evidence. More importantly, when the court articulated its ruling granting the mistrial, it did not even refer to "prejudice." Rather, it focused on the inappropriateness of the question, a focus that was not germane to the question before it. Even

though the granting of a mistrial is discretionary, that discretion must be exercised on the basis of a proper reason. This record is devoid of any evidence that the court exercised its discretion based on the criterion of prejudice. Under the circumstances, the trial court erred when it denied defendant's motion to dismiss Count I of the indictment.

Conviction for felon in possession of a firearm vacated; remanded for entry of judgment dismissing Count I of the indictment.