Argued and submitted October 26 at Hood River Valley High School, Hood River; affirmed December 14, 2005

## Shirley W. FREEMAN
## and SKF Trust and Pension, Inc.,
### *Respondents,*

*v.*

## Charles L. STUART,
### *Appellant.*

## 0307-07393; A126215

125 P3d 786

Peter R. Chamberlain argued the cause for appellant. With him on the briefs were Andrew D. Glascock and Bodyfelt Mount Stroup & Chamberlain, LLP.

Jennie L. Clark argued the cause and filed the brief for respondents.

Before Landau, Presiding Judge, and Ortega, Judge, and Hull, Judge pro tempore.

LANDAU, P. J.

## LANDAU, P. J.

This is a personal injury case arising out of an automobile accident. The jury returned a verdict for plaintiff.[1] Defendant appeals, arguing that the trial court should not have sent the case to the jury and that, instead, it should have granted a motion for summary judgment on the ground that defendant was not properly served. We conclude that defendant's assignment of error is not reviewable and therefore affirm.

The facts relevant to the disposition of the appeal are not in dispute. On July 27, 2001, plaintiff and defendant were involved in an auto accident. Plaintiff filed a complaint on July 15, 2003. At that time, defendant had been living with his father. Two weeks later, however, defendant moved out, taking all of his belongings with him. Plaintiff attempted to serve defendant at his father's residence on August 4, 2003. Defendant's father told the process server that defendant was gone and that he did not know his whereabouts. The process server left the summons and complaint at defendant's father's residence and later mailed another set of the papers to the father's address.

Defendant answered the complaint and asserted as a defense that the statute of limitations had run, as he had not been properly served within the time allowed by the law. Defendant moved for summary judgment on that ground. Plaintiff argued that summary judgment should be denied on the ground that there remained a genuine issue of material fact as to whether defendant continued to reside with his father at the time of service. She also argued that, in any event, defendant was properly served. The trial court agreed with plaintiff and denied the motion, explaining that there was indeed a genuine issue of material fact as to whether defendant continued to reside with his father at the time of service and that, in the alternative, the service was proper. The case was eventually tried to a jury, which, as we have noted, returned a verdict for plaintiff.

---

[1] Actually, there are two named plaintiffs, the injured party and the owner of her vehicle. We adopt the parties' convention of referring to plaintiffs in the singular, however.

On appeal, defendant's sole argument is that the trial court erred in denying his summary judgment motion. According to defendant, there was no genuine issue of material fact about whether he continued to reside with his father. He contends that the undisputed facts demonstrate that, at the time of attempted service, he had left his father's residence. Moreover, defendant argues, plaintiff's process server knew that defendant no longer resided with his father. As a result, defendant concludes, service at that residence was not adequate, as a matter of law.

Plaintiff argues, among other things, that the denial of defendant's summary judgment motion is not reviewable. Because it is dispositive, we limit our analysis to that argument.

In a case that has gone to trial, the denial of a summary judgment motion is not reviewable on appeal unless the motion rested on a "purely legal" contention. *Seidel v. Time Ins. Co.*, 157 Or App 556, 560, 970 P2d 255 (1998). The rationale for that rule is that, when a case hinges on disputed facts that are ultimately determined at trial, "it would be * * * unjust to set aside a jury verdict supported by substantial evidence rendered after a full trial because the trial court should have given the opposing party summary judgment on less evidence." *Payless Drug Stores v. Brown*, 300 Or 243, 246, 708 P2d 1143 (1985). In such a case, the proper procedure is to make an evidentiary record at trial and to make appropriate motions concerning the sufficiency of that evidence at trial. *Id.*

A "purely legal" contention, as that term is used in this context, refers to one that "does not require the establishment of any predicate facts." *Stilwell v. Seibel*, 169 Or App 613, 616, 10 P3d 319 (2000). That means that facts are not merely undisputed, but immaterial, such as a facial challenge to the constitutionality of a statute. *Payless Drug Stores*, 300 Or at 247.

In this case, defendant's motion for summary judgment did not raise a purely legal contention. It raised the question of the adequacy of service. That question cannot be answered except by reference to predicate facts. Thus, even if

defendant were correct that those predicate facts are undisputed, it remains the case that the ultimate issue is not "purely legal." To escape the general rule of unreviewability, the denial of summary judgment must rest on a legal issue that requires no predicate facts at all.

Affirmed.