Submitted February 27, affirmed September 20, 2023, petition for review denied January 12, 2024 (371 Or 825)

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

NICHOLAS RYAN CLYDE,
*Defendant-Appellant.*

Douglas County Circuit Court
14CR1911FE; A176269

537 P3d 170

Defendant appeals from the trial court's denial of his motion to dismiss on double jeopardy grounds. On appeal, defendant argues that ORS 131.525(1), Article I, section 12, of the Oregon Constitution, and the Fifth Amendment bar his retrial because his first trial resulted in nonunanimous guilty verdicts. Specifically, he contends that ORS 131.525(1) prohibits a subsequent prosecution because his first trial was not "properly terminated." *Held*: The Court of Appeals concluded that defendant's prior prosecution was properly terminated under ORS 131.525(1) because defendant waived the right to object to termination. Defendant did not object to the nonunanimous verdicts at the trial level, requested a new trial on appeal, and characterized the verdicts as issues of instructional and trial court error. The court also concluded that defendant's case did not implicate double jeopardy as a constitutional matter because double jeopardy does not prevent retrial after an appellate finding of reversible legal error.

Affirmed.

Frances Elaine Burge, Judge.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Anne Fujita Munsey, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Jennifer S. Lloyd, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, and Powers, Judge, and Hellman, Judge.

HELLMAN, J.

Affirmed.

**HELLMAN, J.**

Defendant appeals from the trial court's denial of his motion to dismiss on double jeopardy grounds.[1] On appeal, he argues that double jeopardy prevents a retrial if the first trial resulted in a nonunanimous guilty verdict. For the following reasons, we affirm.

Defendant was convicted in 2017 of four counts of unlawful use of a weapon with a firearm, ORS 166.220 and ORS 161.610 (Counts 1 through 4); two counts of menacing, ORS 163.190 (Counts 5 and 6); and two counts of pointing a firearm at another, ORS 166.190 (Counts 7 and 8). The verdicts on those counts were nonunanimous. Defendant appealed, and, for the first time on appeal, challenged the nonunanimous nature of the verdicts. In that appeal, he asked for his convictions to be reversed and the case remanded for a new trial. We affirmed without opinion, but the Supreme Court allowed review. As defendant requested, the Supreme Court reversed the guilty verdicts on Counts 1 through 6 and remanded to the trial court for further proceedings.

On remand, defendant filed a motion to dismiss the indictment on double jeopardy grounds. In support, he relied on ORS 131.525(1) which permits a second prosecution only if the first prosecution was "properly terminated." He argued that his first prosecution was not "properly terminated" because the trial court accepted nonunanimous jury verdicts, in violation of the United States Constitution. Defendant took the position that the reversal on appeal established that his prosecution was not properly terminated and, as a result, he could not be retried. Defendant also argued that the retrial violated the double jeopardy provisions of Article I, section 12, of the Oregon Constitution and the Fifth Amendment to the United States Constitution. The trial court denied the motion, and defendant entered a conditional guilty plea reserving his right to appeal the trial court's ruling on the motion to dismiss.

---

[1] Defendant characterizes his statutory and constitutional challenges collectively as ones of "double jeopardy." Although our statute and our constitutional provisions are referred to as ones of "former jeopardy," the disposition of defendant's assignment of error does not depend on the phrase that is used. Thus, for purposes of this opinion, we adopt defendant's use of the phrase "double jeopardy" to refer to all the legal bases for his arguments.

"We review the trial court's denial of defendant's motion to dismiss on double jeopardy grounds for errors of law, deferring to its factual findings that are supported by the record." *State v. Shaw*, 317 Or App 746, 747, 507 P3d 280 (2022).

Under both constitutional and statutory law, the basic principle of double jeopardy is that "[n]o person shall be prosecuted twice for the same offense." ORS 131.515(1); *see also State v. Moore*, 361 Or 205, 213, 390 P3d 1010 (2017) ("The constitutional prohibition against double jeopardy was designed to protect an individual from being subjected to the hazards of trial and possible conviction more than once for an alleged offense." (Internal quotation marks and citation omitted.)).

Because neither party disputes the applicability of ORS 131.525(1), we assume for purposes of this opinion that the statute applies in defendant's case. ORS 131.525(1) states, in relevant part:

"A previous prosecution is not a bar to a subsequent prosecution when the previous prosecution was properly terminated under any of the following circumstances:

"(a)  The defendant consents to the termination or waives, by motion, by an appeal upon judgment of conviction, or otherwise, the right to object to termination.

"(b)  The trial court finds that a termination, other than by judgment of acquittal, is necessary because:

"(A)  It is physically impossible to proceed with the trial in conformity with law; or

"(B)  There is a legal defect in the proceeding that would make any judgment entered upon a verdict reversible as a matter of law; or

"(C)  Prejudicial conduct, in or outside the courtroom, makes it impossible to proceed with the trial without injustice to either the defendant or the state; or

"(D)  The jury is unable to agree upon a verdict; or

"(E)  False statements of a juror on voir dire prevent a fair trial."

Defendant asserts that the statute sets forth two separate requirements that must be met: a requirement for the prosecution to have been "properly terminated" and a separate requirement that one of the listed circumstances in subsection 1 must be present. The state disagrees, arguing that "properly terminated" is not an independent requirement, but is rather a descriptive phrase that encompasses the listed circumstances set forth in paragraphs (a) and (b). We agree with the state.

Following our statutory construction methodology, *State v. Gaines*, 346 Or 160, 171-72, 206 P3d 1042 (2009), the text of the statute refutes defendant's contentions. An examination of the listed conditions in subsections (a) and (b) establish that they are ways that a case can be terminated. *See* ORS 131.525(1)(a) ("The defendant consents to *the termination* or waives \*\*\* the right to object to *termination*." (Emphases added)); ORS 131.525(1)(b) ("[t]he trial court finds that *a termination*, other than by judgment of acquittal, is necessary" (emphasis added)). The preceding sentence establishes that a prosecution will be considered "properly terminated," and thus not a bar to reprosecution, *if* any of the listed conditions are established. ORS 131.525(1) ("properly terminated *under any of the following circumstances*" (emphasis added)). There is no indication that the legislature intended "properly terminated" to have an extratextual definition, and we do not insert what the legislature has omitted. ORS 174.010. "Properly terminated" is thus correctly understood as a descriptive phrase of the circumstances that follow.

With that understanding of the statute, we conclude defendant's prior prosecution was properly terminated. Defendant "waive[d], \*\*\* by [his] appeal" of the judgment "the right to object to termination." *See* ORS 131.525(1)(a). Defendant relies on *State v. Jones (A82752)*, 141 Or App 41, 917 P2d 515 (1996), to argue that his prior appeal did not evidence a waiver, but *Jones* does not assist defendant here.

In *Jones*, the trial court declared a mistrial on the prosecution's motion and over the defendant's objection, including the defendant's "vigorous[] assert[ion] to the trial court that its ruling on the objection was incorrect." *Id.* at

46. Before the second trial, the defendant moved to dismiss the indictment, arguing that retrial was barred by ORS 131.515(1), Article I, section 12, and the Fifth Amendment. *Id*. at 44. The trial court found that the defendant had not consented to the mistrial, so he had not waived his right to challenge termination, but that his prejudicial conduct during the trial required termination, such that a subsequent prosecution was permitted. *Id*. at 45.

On appeal, as relevant to the issues in this case, we agreed that the defendant's actions at the time of the mistrial motion did not constitute a waiver of the right to raise a double jeopardy challenge. *Id*. at 47. We defined waiver in that context as a "voluntary action intended to forgo the right to make a claim of former jeopardy." *Id*. The defendant's vigorous objections to the mistrial demonstrated that he did not take any voluntary actions to waive his double jeopardy challenge. *Id*.

In contrast, defendant's voluntary actions here operated as a waiver. He did not object to the nonunanimous jury verdicts at the trial level and his appeal explicitly characterized the nonunanimous jury verdict as an issue of instructional and trial court error, not an issue of double jeopardy. Critically, defendant's requested relief was for a new trial, not a finding that the nonunanimous jury verdicts operated to prevent any further prosecution. Defendant's failure to object to the nonunanimous verdicts on any ground, let alone that they implicated ORS 131.525 or double jeopardy, his appeal and characterization of the errors, and his specific request on appeal for a new trial, are "voluntary action[s] intended to forego the right to make a claim of former jeopardy." *Jones*, 141 Or App at 47.

In finding that defendant's prior prosecution was properly terminated, we are not persuaded by defendant's argument that seeks to place a nonunanimous verdict in a special category of "unlawful" verdicts that can never be found to have properly terminated a prosecution. Defendant does not explain how a nonunanimous verdict is "unlawful" in a way that places such an error outside the reach of the well-settled rule that a retrial after an appellate finding of reversible error does not violate double jeopardy (*see,*

*e.g.*, *State v. Boots*, 315 Or 572, 578, 848 P2d 76 (1993)), nor have we independently found any legal authority to support that proposition. Moreover, it is unclear how the existence of a nonunanimous verdict assists defendant in establishing a double jeopardy challenge. A case decision that is the product of less than 12 votes is technically not a "verdict" under the law. *Ramos v. Louisiana*, 590 US ___, 140 S Ct 1390, 1395, 206 L Ed 2d 583 (2020) (citing 4 W Blackstone, Commentaries on the Laws of England 343 (1769) for the basic understanding that in common law "[a] verdict, taken from eleven, was no verdict at all" (internal quotation marks omitted)); *State v. Broussard*, 318 So 3d 319, 324 (La Ct App 2021) (holding that a nonunanimous verdict "is considered as the equivalent of no verdict, either of conviction or acquittal"). Instead, it is akin to a situation in which a jury is unable to reach a verdict. And if "the jury's inability to reach a verdict is not the result of prosecutorial or judicial misconduct"—neither of which is implicated in this case—a retrial does not violate former jeopardy. *See State v. O'Donnell*, 192 Or App 234, 242, 85 P3d 323 (2004) (so holding under ORS 131.515 and Article I, section 12); *see also Richardson v. United States*, 468 US 317, 104 S Ct 3081, 82 L Ed 2d 242 (1984) (so holding under the Fifth Amendment).

　　　　Finally, we hold that defendant's case does not implicate double jeopardy as a constitutional matter. Double jeopardy bars retrial after a legally valid conviction, an acquittal, or an appellate finding of insufficient evidence. It does not prevent a retrial after an appellate finding of reversible legal error. *North Carolina v. Pearce*, 395 US 711, 89 S Ct 2072, 23 L Ed 2d 656 (1969); *Boots*, 315 Or at 578. A conviction by a nonunanimous jury is not an acquittal, nor is it a finding of insufficient evidence. It is a conviction obtained in violation of constitutional protections. As such, defendant is subject to retrial.

　　　　Affirmed.