No. 141			February 28, 2024			225

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

TERRY MICHAEL MARTIN,
*Petitioner-Appellant,*

*v.*

STATE OF OREGON,
*Defendant-Respondent.*

Multnomah County Circuit Court
21CV14306; A176475

Eric L. Dahlin, Judge.

Argued and submitted February 2, 2024.

Andy Simrin argued the cause for appellant. Also on the brief was Andy Simrin PC.

Rebecca M. Auten, Assistant Attorney General, argued the cause for respondent. Also on the brief were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Before Shorr, Presiding Judge, Mooney, Judge, and Pagán, Judge.

SHORR, P. J.

Reversed and remanded.

**SHORR, P. J.**

Petitioner Terry Michael Martin appeals from the judgment entered in favor of defendant State of Oregon after the post-conviction court granted the state's motion for summary judgment. Petitioner assigns error to the court's grant of summary judgment in favor of the state and its denial of petitioner's cross-motion for summary judgment.[1] The state concedes that the post-conviction court erred. Based on case law decided since the post-conviction court ruled, we agree that the court erred. As a result, we reverse and remand.

We state only those facts necessary to understand this opinion. The facts are procedural and undisputed. In 1991, a jury found petitioner guilty of various second-degree sexual abuse and kidnapping charges by nonunanimous verdicts. The trial court merged the verdicts on some of those counts and entered a judgment of conviction on the remaining counts. Subsequently, in *Ramos v. Louisiana*, 590 US ___, ___, 140 S Ct 1390, 1394-97, 206 L Ed 2d 583 (2020), the United States Supreme Court held that the Sixth Amendment to the United States Constitution, applied to the states through the Fourteenth Amendment, requires a unanimous verdict for the conviction of a "serious offense."[2] After *Ramos* was decided, petitioner filed a petition for post-conviction relief under ORS 138.530,[3] alleging a substantial

_____

[1] As a general rule subject to certain exceptions, we do not review the denial of a motion for summary judgment. *See*, *e.g.*, *Freeman v. Stuart*, 203 Or App 191, 194, 125 P3d 786 (2005) (denial of summary judgment generally not reviewable where the matter has gone to trial unless the motion raises a purely legal contention). However, in an appeal arising from cross-motions for summary judgment, the granting of one motion and the denial of the other are both reviewable. *Eden Gate, Inc. v. D&L Excavating & Trucking, Inc.*, 178 Or App 610, 622, 37 P3d 233 (2002).

[2] The Sixth Amendment provides, among other things, that "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State."

[3] ORS 138.530(1) provides, in part:

"Post-conviction relief pursuant to ORS 138.510 to 138.680 shall be granted by the court when one or more of the following grounds is established by the petitioner:

"(a) A substantial denial in the proceedings resulting in petitioner's conviction, or in the appellate review thereof, of petitioner's rights under the Constitution of the United States, or under the Constitution of the State of Oregon, or both, and which denial rendered the conviction void.

"(b) Lack of jurisdiction of the court to impose the judgment rendered upon petitioner's conviction."

denial of his rights because he had been denied his right to a unanimous jury as guaranteed by the Sixth and Fourteenth Amendments. It was undisputed in the post-conviction court and before us that petitioner had been convicted of "serious offenses."

The parties each filed cross-motions for summary judgment. The state contended that the rule announced in *Ramos* did not apply retroactively under either federal law or the Oregon Post-Conviction Hearing Act (PCHA). Petitioner conceded that, under the United States Supreme Court's decision in *Edwards v. Vannoy*, 593 US ___, 141 S Ct 1547, 209 L Ed 2d 651 (2021), *Ramos* did not apply retroactively on federal collateral review. However, petitioner noted that *Edwards* left it to the states to decide whether the rule applied retroactively under state post-conviction law. *See Edwards*, 593 US at ___ n 6, 141 S Ct at 1559 n 6 ("States remain free, if they choose, to retroactively apply the jury-unanimity rule as a matter of state law in state post-conviction proceedings."). Petitioner then argued that *Ramos* should apply retroactively under the PCHA.

At the time that the parties filed their cross-motions for summary judgment, it remained an open issue whether *Ramos* applied retroactively under the PCHA. The post-conviction court concluded that it did not. After the post-conviction court ruled, the Oregon Supreme Court concluded that *Ramos* applied retroactively under the PCHA such that a person who was previously convicted by a nonunanimous jury is entitled to post-conviction relief under ORS 138.530(1)(a) unless one of the other defenses in the PCHA applies. *Watkins v. Ackley*, 370 Or 604, 631-33, 523 P3d 86 (2022). As a result, the post-conviction court, although acting without the benefit of the Oregon Supreme Court's decision in *Watkins*, was incorrect. *See State v. Jury*, 185 Or App 132, 136-37, 57 P3d 970 (2002), *rev den*, 335 Or 504 (2003) (stating that, on appeal, we apply the current law and not the law in effect at the time that the trial court ruled). The state concedes error, agrees that the post-conviction court should have denied its summary judgment motion and granted petitioner's motion, and further agrees that, under

*Watkins*, petitioner is entitled to post-conviction relief.[4] We accept the state's concession of error.

The only dispute between the parties relates to the appropriate remedy following our remand of this case to the post-conviction court. Petitioner contends that we must now direct the post-conviction court to dismiss the indictment and the original criminal case against petitioner. The state contends that the appropriate remedy here is a retrial. At oral argument, the parties asked that we resolve this issue now because it is likely to arise on remand. *State v. Zielinski*, 321 Or App 8, 15, 515 P3d 397, *rev den*, 370 Or 694 (2022) (stating that we can resolve issues of law likely to arise on remand when we determine that it is appropriate to do so).

Petitioner's argument that he is entitled to a remedy of dismissal of the indictment is based on a couple of passages from *Watkins*. First, petitioner relies on the court's statement that

> "certain constitutional errors in criminal proceedings are of such magnitude that they should be viewed as, in effect, stripping a court of its jurisdiction to enter judgment on a conviction, thus rendering the conviction 'void.'"

*Watkins*, 370 Or at 625. Second, petitioner notes that the court, quoting *Brooks v. Gladden*, 226 Or 191, 195, 358 P2d 1055 (1961), stated that Oregon's Post-Conviction Hearing Act is available "'to afford relief where the trial court had jurisdiction initially but lost it by departing from due process of law.'" *Watkins*, 370 Or at 626. Taken together, petitioner contends that the original criminal trial court "stripped itself of jurisdiction" at the time it accepted nonunanimous verdicts and could only dismiss the case at that point.

We reject petitioner's argument and his interpretation of *Watkins*. First, *Watkins* does not state or even suggest that courts that commit constitutional error in the original criminal proceeding forever lose jurisdiction of the case or are otherwise precluded from proceeding with a retrial of the defendant that is free of constitutional error. It states that certain constitutional errors "*in effect*" may result in a

---

[4] The state does not assert that it raised any other PCHA defenses to the post-conviction petition.

court losing jurisdiction to enter a judgment of conviction in the original proceeding. *Id.* at 625 (emphasis added).

Second, even that more limited meaning was cabined by the later express statement in *Watkins* that, when "the cited cases speak of a conviction being rendered 'void' by the trial court's loss of jurisdiction * * * they do not mean that * * * the conviction immediately becomes a nullity and the convicted person can proceed as if it never had occurred." *Id.* at 625 n 16.

Third, and finally, *Watkins* interpreted ORS 138.530(1)(a), which addresses post-conviction relief for constitutional errors in the proceedings, in the context of ORS 138.530(1)(b), which provides post-conviction relief when the criminal court lacks jurisdiction to impose a judgment of conviction. *Id.* at 623-24. Paragraph (1)(b) derives from federal common law, wherein lack of jurisdiction was originally the sole basis for habeas corpus relief. *Id.* at 625. Accordingly, *Watkins* explained post-conviction relief for constitutional errors in the proceedings—ORS 138.530(1)(a)—by using the term "jurisdiction" in the context that the term had been historically used in the common law of habeas corpus.[5] The passages that petitioner cites as support for his argument that the trial court "stripped itself of jurisdiction" by entering an unconstitutional verdict were merely explaining that history. Indeed, *Watkins* used quotation marks on occasion when discussing the ideas of a "void" judgment and a court losing "jurisdiction" to enter a criminal judgment in the context of a claim for constitutional error. *See*, *e.g.*, 370 Or at 625 (interpreting the term "'rendered the judgment void'" in the context of "its historical use in habeas cases to signify a certain kind or quality of procedural error that causes the trial court to lose 'jurisdiction.'"). The selective use of quotation marks around those particular terms signifies the somewhat unusual use of those terms in that context.

In sum, we see nothing in *Watkins* that supports petitioner's contention that the courts forever lost jurisdiction

_____

[5]  Petitioner generally alleged a claim under ORS 138.530. However, he alleged that his rights were violated in his criminal trial because he was denied his constitutional right to a unanimous jury, which is a claim under ORS 138.530(1)(a). That is the claim that was resolved on summary judgment and is before us.

over his criminal case when the original trial court errone-ously accepted nonunanimous verdicts and entered a crim-inal judgment against him. We reject petitioner's argument under *Watkins* that the post-conviction court must provide petitioner with the remedy of dismissal of the indictment. *See also State v. Clyde*, 328 Or App 222, 227, 537 P3d 170 (2023), *rev den*, 371 Or 825 (2024) (concluding that defendant was entitled to a retrial and not to a dismissal of his case on double jeopardy grounds after his original convictions based on nonunanimous verdicts were reversed). However, as discussed above, we accept the state's concession that the post-conviction court erred in granting the state's motion for summary judgment and denying petitioner's cross-motion for summary judgment. We reverse and remand for the post-conviction court to enter a judgment consistent with this opinion.

Reversed and remanded.