594 October 29, 2025 No. 952

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

EMMANUEL GARCIA TENORIO,
*Defendant-Appellant.*

Polk County Circuit Court
11P3353; A181761

Monte S. Campbell, Judge.

Submitted September 11, 2025.

Emmanuel Garcia Tenorio filed the briefs *pro se*.

Dan Rayfield, Attorney General, Benjamin Gutman, Solicitor General, and Robert M. Wilsey, Assistant Attorney General, filed the brief for respondent.

Before Joyce, Presiding Judge, Hellman, Judge, and Armstrong, Senior Judge.

JOYCE, P. J.

Affirmed.

**JOYCE, P. J.**

Defendant appeals from a judgment of conviction for two counts each of first-degree sexual abuse and first-degree unlawful sexual penetration. On appeal, he raises 10 assignments of error. We affirm.

*Former jeopardy:* In his first claim of error, defendant contends that the trial court erred in denying his motion to dismiss the charges against him on former jeopardy grounds. Defendant's original conviction was based on a nonunanimous jury verdict, and defendant obtained post-conviction relief on that ground. He then moved to dismiss, arguing that any further prosecution was barred by double jeopardy. Defendant's argument is foreclosed by *State v. Clyde*, 328 Or App 222, 227, 537 P3d 170 (2023), *rev den*, 371 Or 825 (2024) (finding that the defendant's retrial, following reversal of his original convictions that were based on nonunanimous jury verdicts, was not barred by former jeopardy).

*Discovery violation:* In his second and third assignments of error, defendant argues that the trial court erred in denying his motion to dismiss based on his contention that the state "violated the discovery rule by withholding exculpatory evidence." In the motion, defendant argued that the state was previously in possession of a recorded jail call between himself and the victim's mother in which the victim's mother reported that the victim had been laughing about the allegations, but that the state had since "lost" the recording. The prosecutor told the court that the state had provided all the jail calls that it possessed and was not aware of the call that defendant was referencing. When the court asked defense counsel how they knew that the recording of the call existed, defense counsel responded that defendant had told him. The court instructed defense counsel to "show [it] some evidence that that call existed," and that until then, defendant's motion was denied. Defense counsel responded, "Understood." The parties revisited the matter partway through trial, at which point the trial court noted that defendant had still not produced evidence of the recording's existence and that, even if it did exist, "dismissal would be an inappropriate remedy."

On appeal, defendant contends that the court's denial violated disclosure requirements under both his due process rights and ORS 135.815. Due process requires the prosecution to disclose information that is favorable to an accused and is in the prosecutor's actual or constructive possession. Similarly, ORS 135.815 requires disclosure of certain information to a defendant that is "within the possession or control of the district attorney[.]" As the trial court correctly concluded, there was no evidence that the jail call recording existed, let alone that it was in the district attorney's possession. That finding disposes of defendant's argument that the state failed to disclose materials that it had in its possession in violation of both his due process rights and ORS 135.815. *See also State v. Gilmore*, 336 Or App 706, 722, 562 P3d 250 (2024), *rev den*, 373 Or 738 (2025) (rejecting the defendant's due process argument where the defendant failed to show "that the records he sought were in the prosecutor's actual or constructive possession").

*Admission of Detective Calef's testimony:* In his fourth and fifth assignments of error, defendant contends that the trial court erred in denying his motion *in limine* to exclude Detective Calef's testimony. Calef recorded an interview he conducted with defendant. Because the state had been unable to produce the recording of the interview at trial, defendant argued that Calef should not be allowed to testify about what defendant said in the interview. The trial court allowed Calef to testify "as to what [Calef] testified at his last trial," but restricted Calef from "go[ing] beyond that on anything else." Later in the trial, the state found the recorded interview and produced it, but the court declined to admit the recorded interview because it had been discovered too late.

On appeal, defendant argues that the court erred in allowing Calef to testify about the interview because the recorded interview was the "best evidence for [d]efendant's defense." But "[t]he best evidence rule prohibits testimony about the contents of a recording; it does not prohibit testimony about events that are monitored, as they occur, through a device that also records." *State v. Pierce*, 269 Or App 780, 784, 346 P3d 618 (2015) (the best evidence rule did not preclude a security guard from testifying on what

he observed on a "live feed" of video, even though the video itself was not available). The trial court did not err in permitting Calef to testify about the interview without admitting the recording of the interview into evidence.

Defendant also argues that the court should have excluded Calef's testimony as a discovery sanction for the recording's belated production. Defendant did not seek to exclude Calef's testimony for that reason below, and we therefore do not address it for the first time on appeal.

*Prosecutor's closing argument:* In his sixth assignment of error, defendant argues that the trial court erred in failing to *sua sponte* declare a mistrial in light of statements that the prosecutor made during closing and rebuttal arguments. At four separate points in those arguments, the prosecutor referenced "physical evidence" of abuse on the victim, namely, an anal wart, the victim's description of defendant ejaculating on her, and evidence that defendant's hand "slipped near the genital area." Defendant did not object to any of those references at trial, but on appeal he argues that the prosecutor's references to physical evidence were made without "foundational facts" and therefore constitute plain error.

But the prosecutor's statements were not improper, let alone "obviously improper." *See State v. Pierpoint*, 325 Or App 298, 304, 528 P3d 1199 (2023) (framing analysis as whether "the prosecutor's statements were obviously improper or impermissible, *i.e.*, whether it was obvious or not reasonably disputed that the prosecutor's statements allowed the jury to consider facts that had not been received into evidence, or otherwise encouraged the jury to decide the case on an improper basis"). To be sure, a counsel's closing argument cannot rely on facts that are not in the record. *State v. Rosenbohm*, 237 Or App 646, 649, 241 P3d 344 (2010). The prosecutor's statements here, however, were based on the following facts in the record: a doctor who examined the victim at Liberty House testified to the presence of a genital wart and that warts of that nature can be related to sexual abuse;[1] the victim testified to the ejaculate on her; and

---

[1] Defendant points to testimony that he himself did not have warts, but that testimony does not render the prosecutor's statements about the physical evidence on the victim plainly impermissible. Rather, the fact that defendant

defendant himself acknowledged to Calef that his hand had been near the victim's genital area. Since the prosecutor's statements were based on facts in the record or, in the plain error context, were not obviously based on evidence outside of the record, they were not obviously improper.

*Motion for judgment of acquittal:* In his seventh assignment of error, defendant argues that the trial court erred when it denied his motion for judgment of acquittal on the first-degree sexual abuse and first-degree unlawful sexual penetration charges. These charges required the state to prove that defendant subjected the victim to "sexual contact" and the victim was under the age of 14, ORS 163.427, and that defendant "penetrate[d] the vagina[] [or] anus" of the victim who was under the age of 12, ORS 163.411, respectively. We have reviewed the record and conclude that the trial court correctly denied the motion for judgment of acquittal. In particular, the victim testified that defendant touched her with his fingers under her clothes and inserted his fingers into both her anus and her vagina. Although defendant contends that the victim's testimony was not credible, that was ultimately a determination for the jury to make.

*Admission of Liberty House video:* In his eighth assignment of error, defendant argues that the trial court erred in overruling his objection to a video recording of the victim's interview at Liberty House. At the beginning of the victim's testimony at trial, the state played a part of the Liberty House interview and asked the victim whether it was "an accurate representation of the Liberty House" interview from 2011. The victim said yes and that she had reviewed the entire recording. Defendant objected to the evidence, arguing that "there needs to be foundation from Liberty House." On appeal, defendant's objection has shifted somewhat; he asserts that the victim's memory was not sufficiently reliable to establish the authenticity of the video because of her young age at the time of the abuse. However, as defendant acknowledges, the standard for authenticity is not "rigid or demanding." *State v. Barden*, 309 Or App 87, 93, 481 P3d 359, *rev den*, 368 Or 511 (2021) (internal

---

asserted that he did not have warts and thus it was unlikely that he caused the victim's wart goes to the weight of the evidence, which is ultimately a matter for the jury.

quotation marks omitted). Indeed, "[t]he standard is not whether the proponent has conclusively proven authenticity," but whether the proponent has presented some evidence from which to conclude that the item is what the proponent claims. *Id.* The evidence described above was sufficient to show that the Liberty House interview recording was what the state claimed it was.

*Pretrial release:* In his ninth assignment of error, defendant asserts that the trial court erred in denying him pretrial release. That claim of error is moot given that defendant has been convicted and sentenced to 375 months in prison. *Brumnett v. PSRB*, 315 Or 402, 406, 848 P2d 1194 (1993) (a case is moot where it will have no practical effect on the rights of the parties).

*Sentence:* In his tenth assignment of error, defendant challenges his 375-month sentence as being unconstitutionally disproportionate under Article I, section 16, of the Oregon Constitution. Defendant argues that his lack of a prior criminal history renders his sentence disproportionate. *See State v. Rodriguez/Buck*, 347 Or 46, 58, 217 P3d 659 (2009) (setting forth three factors to consider in determining whether a sentence is disproportionate, including the defendant's criminal history). Defendant was convicted of sexual abuse and unlawful sexual penetration of his wife's seven-year-old daughter, with whom he lived. Given the severity and circumstances of his crimes, defendant's lack of criminal history has "little weight in balancing the proportionality of his sentences and is insufficient to render those sentences unconstitutional." *See State v. McCombs*, 330 Or App 545, 564-65, 544 P3d 390, *rev den*, 372 Or 718 (2024) (the defendant's lack of criminal history was entitled to "little weight" where the defendant was convicted of rape, sodomy, and unlawful sexual penetration of a four-year-old victim "to whom he was a father figure and whom he was supposed to protect").

Affirmed.