No. 810 November 14, 2024 155

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

Kyle Steven LUTE,
Kari Danielle Lute, Kelle M. Lute,
and Donald Scott Lute, individuals,
*Plaintiffs-Appellants,*

*v.*

CASCADIA TOWER INCORPORATED,
an Oregon corporation,
*Defendant-Respondent.*

Marion County Circuit Court
21CV28190; A178984

J. Channing Bennett, Judge.

Argued November 30, 2023.

Timothy R. Volpert argued the cause for appellants. Also on the briefs were Tim Volpert, P.C., Paul B. Barton and Alex Graven.

Stephen Elzinga argued the cause for respondent. Also on the brief was Sherman, Sherman, Johnnie & Hoyt, LLP.

Before Shorr, Presiding Judge, Pagán, Judge, and Mooney, Senior Judge.

SHORR, P. J.

Affirmed.

**SHORR, P. J.**

Plaintiffs appeal from the trial court's general judgment declaring that defendant holds a valid easement over plaintiffs' property and declaring the scope of that easement, and a supplemental judgment granting defendant attorney fees and costs. In early 2015, defendant owned the property at issue, which has a cell tower in the southwest corner. In April 2015, defendant recorded an easement document purporting to grant an easement to itself for installation, construction, and operation of the tower, including a defined exclusive zone of 2,200 square feet consisting of the actual tower and the fenced-in area around it with telecommunications equipment, and a non-exclusive access easement across the property for ingress and egress to the tower. In June 2015, defendant sold the property to the Bodtkers, and continued to maintain the tower. In 2018, the Bodtkers sold the property to plaintiffs.

The present dispute involves the parties' disagreement over the existence and terms of the easement, particularly the extent of defendant's access for construction and upgrades to the tower. On the legal issue of whether an easement existed, the court granted defendant's motion for summary judgment, concluding that an easement had been created by the circumstances surrounding the conveyance from defendant to the Bodtkers. The court then held a bench trial on the question of the terms of the easement and issued a judgment declaring the extent of the parties' rights. On appeal, plaintiffs raise four assignments of error, challenging the trial court's conclusion that a valid easement exists and disputing the terms of the easement.[1] We conclude that the trial court did not err and we affirm.

*Creation of the Easement.* On the parties' cross-motions for summary judgment, the trial court resolved the initial issue of whether an easement had been created at all. The court granted defendant's motion for summary judgment and denied plaintiffs' cross-motion for summary judgment. The court concluded that the original recording of the

_____

[1] Plaintiffs' final assignment of error asserts that, if the easement is found invalid, the court should have granted plaintiffs' claim for ejection. Because we conclude that a valid easement exists, we do not reach that issue.

easement in April 2015 was null because defendant owned the entire plot at the time and could not grant an easement to itself; however, the court concluded that the terms of the warranty deed and the circumstances surrounding defendant's conveyance of the property to the Bodtkers demonstrated the intent to create the easement. The court reserved for trial any ruling on the terms of the easement.

Plaintiffs agree that the April 2015 recording was invalid but argue that the trial court erred in granting defendant's motion for summary judgment and denying plaintiffs' motion when it concluded that the transfer from defendant to the Bodtkers created the easement.[2] They assert that the warranty deed does not reflect an intent to create an easement on its face, and therefore no easement was created.

When reviewing cross-motions for summary judgment, "we view the record for each motion in the light most favorable to the party opposing it to determine whether there is a genuine issue of material fact and, if not, whether either party is entitled to judgment as a matter of law." *O'Kain v. Landress*, 299 Or App 417, 419, 450 P3d 508 (2019).

Assuming, without deciding, that the April 2015 easement recording was null, we conclude that the trial court did not err in concluding that the warranty deed from defendant to the Bodtkers created the easement. In interpreting a deed, our objective is to ascertain the meaning that most likely was intended by the parties who entered into it. *Farnsworth v. Meadowland Ranches, Inc.*, 321 Or App 814, 821, 519 P3d 153 (2022). That intent may appear on the face of the deed itself but may also be inferred from the circumstances surrounding the deed, including through reference to other recorded documents. *See Partney v. Russell*, 304 Or App 679, 689, 692-94, 469 P3d 756 (2020). Plaintiffs' assertion that the deed itself must contain language expressing an intent to create the easement is not supported by controlling case law.

---

[2] Generally an order denying a motion for summary judgment is not appealable; however, where cross-motions for summary judgment result in denial of one motion and the granting of the other, a final judgment is entered that an appeal may be taken from, and the denial of the cross-motion for summary judgment may be assigned as error for our review. *See, e.g.*, *Martin v. State of Oregon*, 331 Or App 225, 226 & n 1, 545 P3d 776 (2024).

The deed from defendant to the Bodtkers conveyed the property "free from encumbrances except as specifically set forth" therein, cross-referencing "Exhibit A." Exhibit A listed a number of items, including the April 2015 recorded easement document, noting the purpose, recording date, and record number of that document. As discussed in more detail below, the April 2015 document set forth the details of the easement. The deed, when read together with the cross-referenced recorded easement document, demonstrates the parties' intent that the property be conveyed subject to the cell tower easement.

*Terms of the Easement.* Following trial, the court issued an extensive letter opinion and corresponding judgment declaring the terms of the easement. Plaintiffs argue that the trial court erred in going outside the express terms of the easement and considering extrinsic evidence in order to determine the intent and extent of the easement. Plaintiffs maintain that the easement document unambiguously limits defendant's use to the 40-foot by 55-foot fenced area, with access via an established gravel road, and does not include the right to use any other portion of the property, run utilities, or use Rocky Way, a private road that provides access for plaintiffs and nearby landowners to a public road. Defendant maintains that the trial court correctly found the easement document to be ambiguous on its face, and therefore rightly considered the circumstances surrounding the easement's creation in interpreting the terms of the easement to reflect the intent of the parties that created it.

The interpretation of an easement is a question of law to be decided by the courts. *Cascade v. Georgia-Pacific*, 259 Or App 348, 365, 314 P3d 311 (2013), *rev den*, 355 Or 142 (2014). "In construing an easement, a court's task is to discern the nature and scope of the easement's purpose and to give effect to that purpose in a practical manner," looking first "to the words of the easement, viewing them in the context of the entire document," and considering the words of the agreement "in the context of the circumstances under which it was made[.]" *Id.* (internal quotation marks and citations omitted). If the court determines that the provisions are ambiguous, meaning the instrument can reasonably

be understood to have more than one meaning, the court determines the intent of the original parties by examining the surrounding circumstances, such as "the purpose and nature of the easement, the circumstances existing at the time of the grant or reservation, and the manner in which the easement was used by the original parties." *Tipperman v. Tsiatsos*, 327 Or 539, 545, 964 P2d 1015 (1998); *see also Olson v. Van Horn*, 182 Or App 264, 269-70, 48 P3d 860, *rev den*, 334 Or 631 (2002).

We agree with the trial court that the documents creating the easement are ambiguous as to its terms. The April 2015 recorded easement granted:

> "an exclusive easement over the Easement Area for the sole purpose of installation, construction, and operation of a communications facility and to lease space on the Property to telecommunications tenant(s) and uses associated with the rights of telecommunications tenants under such leases and for no other purpose."

The document went on to state:

> "NON-EXCLUSIVE ACCESS EASEMENT. As part of the consideration for this Agreement, Grantor hereby grants to Grantee, for so long as this Easement is in effect, a non-exclusive easement in, to, under and across the Property adequate to allow ingress and egress to the Easement Area as outlined in Exhibit [B]."[3]

Exhibit B, the "Easement Area Description," sets forth a metes and bounds description of the Exclusive Easement Area, the fenced-in portion of the property containing the tower and other equipment. It also contains a map of the property and surrounding properties, and contains two red text boxes, one reading "Easement Area, 40' x 55'," pointing to the fenced area, and the other reading "Access & Underground Utilities (non exclusive area)," pointing to a spot on the improved gravel road. The documents contain no further description of the extent or location of the easement for access, what "adequate" means in terms of ingress and egress, or any details regarding the placement or location

---

[3] The parties agree that the document contains a scrivener's error, erroneously referring to Exhibit "C" when it was intending to refer to Exhibit "B," which contains the description and map of the property and easement.

of utilities. The parties assert conflicting explanations of what those documents mean in terms of location and scope of access, both of which are reasonable. The documents are subject to more than one reasonable interpretation and, as the trial court correctly concluded, are ambiguous.

It was thus appropriate for the trial court to consider the circumstances surrounding the creation of the easement to determine the intent of the original parties and resolve the ambiguity. *Tipperman*, 327 Or at 545. Plaintiffs raise no alternative argument that, even if the court did not err in considering extrinsic evidence, it erred in finding the extrinsic facts or reaching the conclusions of law that it did. Accordingly, we affirm the trial court's judgment declaring the rights of the parties with respect to the scope and location of the easement.

Plaintiffs additionally assert that the trial court erred in failing to declare that the easement does not grant defendant a right of access over the private road Rocky Way. The trial court declined to answer the question. Plaintiffs' operative complaint did not seek a declaration of rights regarding the use of Rocky Way but asked for a declaration of rights on any easement on their property leading to that road. The parties that own Rocky Way were not parties to the proceedings. We conclude that the trial court did not err in declining to declare rights regarding the use of land that was not a subject of the easement at issue.

Affirmed.