No. 344 April 29, 2026 133

*This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).*

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

Kyle Steven LUTE,
Kari Danielle Lute, Kelle M. Lute, and Donald Scott Lute,
individuals,
*Plaintiffs-Appellants,*

*v.*

CASCADIA TOWER INCORPORATED,
an Oregon Corporation,
*Defendant-Respondent.*

Marion County Circuit Court
21CV28190; A179964

J. Channing Bennett, Judge.

Submitted February 05, 2026.

Paul B. Barton, Timothy R. Volpert, and Tim Volpert, P.C. filed the briefs for appellants.

Mark C. Hoyt and Isaac N. Helland filed the brief for respondent.

Before Shorr, Presiding Judge, Powers, Judge, and O'Connor, Judge.

SHORR, P. J.

Affirmed.

**SHORR, P. J.**

Plaintiffs appeal from a supplemental judgment awarding attorney fees to defendant in the amount of $181,920.75 in this easement dispute. Plaintiffs assert that the trial court erred when it found that the attorney fee clause in the easement was binding on successors in interest following the original purchasers of the property. We conclude that plaintiffs' argument is not preserved. Plaintiffs have not requested plain error review, and we decline to exercise plain error review absent such a request. We therefore affirm.

The details of the underlying litigation were previously recounted in *Lute v. Cascadia Tower Inc.*, 336 Or App 155, 561 P3d 112 (2024), *rev den*, 373 Or 284 (2025), and will not be repeated for purposes of this nonprecedential memorandum opinion. Following the trial court's decision in defendant's favor on the merits, defendant filed a petition for attorney fees, asserting entitlement to fees based on a clause in the recorded easement document.[1] In opposing defendant's petition, plaintiffs raised two arguments: First, plaintiffs argued that the court had ruled that the Easement Agreement was a nullity, and that the court's ruling on the merits had only recreated the easement and not the Easement Agreement, and therefore the attorney fee clause of the Agreement did not exist and there was no contractual basis to award fees.[2] And second, plaintiffs argued that even if the court's decision on the merits *had* recreated the contractual terms, those terms were unenforceable due to the statute of frauds and absent foundational principles of contract formation in the Easement Agreement, including arm's length negotiation, mutuality of intent, and consideration. The trial court concluded that the easement was valid, including the attorney fee provision, and that it was binding on plaintiffs, the successors in interest to the original purchasers from defendant.

---

[1] The provision stated: "If either party brings suit to enforce or declare the meaning of this Agreement, then the prevailing party in such suit, in addition to any other relief, shall be entitled to recover from the non-prevailing party reasonable attorneys' fees and costs, including any on appeal or review."

[2] The court in its letter opinion awarding fees explicitly refuted plaintiffs' characterization of the underlying decision as having ruled that the Easement Agreement was a nullity, calling it a "complete misrepresentation of the court's findings."

On appeal before us, plaintiffs now assert that the Easement Agreement attorney fee clause was not a covenant that ran with the land because it did not touch and concern the land and was therefore merely a personal contractual covenant that was limited to binding defendant and the original purchasers; and that such a personal covenant does not bind successors in interest to the property, and therefore does not apply to plaintiffs. Defendant asserts that plaintiffs' argument is not preserved, and alternatively argues that plaintiffs are incorrect on the state of the law and should be precluded from making the argument because they relied on the attorney fee clause themselves below.

We agree with defendant that plaintiffs' argument is not preserved. "No matter claimed as error will be considered on appeal unless the claim of error was preserved in the lower court[.]" ORAP 5.45(1). The policy reasons favoring preservation are prudential in nature: It "gives a trial court the chance to consider and rule on a contention, thereby possibly avoiding an error altogether or correcting one already made, which in turn may obviate the need for an appeal"; it also "ensures fairness to an opposing party," and "fosters full development of the record[.]" *Peeples v. Lampert*, 345 Or 209, 219-20, 191 P3d 637 (2008). Plaintiffs' position on appeal is fundamentally different from the position taken before the trial court. Plaintiffs made none of the current arguments regarding the enforceability of the clause on successive parties in interest. Plaintiffs' selective quotations in the reply brief of the arguments below take phrases out of context— the portions cited in plaintiffs' reply brief were included in the context of plaintiffs' arguments around whether the attorney fee clause was intended to bind the original purchasers or was enforceable at all under principles of contract creation. Plaintiffs therefore failed to preserve for appeal the issues now raised and we do not reach them. Plaintiffs have not requested plain error review and we therefore do not undertake that analysis. *State v. Ardizzone*, 270 Or App 666, 673, 349 P3d 597, *rev den*, 358 Or 145 (2015).

Affirmed.